UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MISTY D.,

Plaintiff,

v.

CASE NO. 1:25-cv-00503 (JGW)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

J. Gregory Wehrman, U.S. Magistrate Judge,

**MEMORANDUM-DECISION and ORDER**

The parties consented in accordance with a standing order to proceed before the undersigned. The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the Court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Docs. 8, 12), as well as Plaintiff's reply brief (Doc. 15). Upon review of the administrative record and consideration of the parties' filings, Plaintiff's Motion for Judgment on Pleadings (Doc. 8) is **GRANTED**, Defendant's Motion for Judgment on the Pleadings (Doc. 12) is **DENIED**, and the decision of the Commissioner is **REMANDED**.

## I. RELEVANT BACKGROUND

### A. Procedural Background

On July 21, 2015, Plaintiff protectively filed an application for a period of disability and disability insurance benefits, as well as an application for supplemental security income. (Tr. 225-26, 227-32.) In both applications, Plaintiff alleged disability beginning

December 11, 2013. (Tr. 225, 227.) Plaintiff's claims were denied initially on September 10, 2015. (Tr. 102, 103.) She then requested a hearing before an Administrative Law Judge (ALJ). (Tr. 136-37.) Plaintiff appeared with counsel before ALJ Melissa Lin Jones for a hearing held on May 28, 2018. (Tr. 36-76.) On July 5, 2018, the ALJ issued an unfavorable decision, finding Plaintiff was not disabled, and assigning Plaintiff a residual functional capacity (RFC) to perform light work, finding she was able to "occasionally stoop, crouch, and climb ramps, stairs, ladders, ropes, and scaffolds," but she must "avoid concentrated exposure to dust, fumes, odors, gases, and other pulmonary irritants." (Tr. 13-35.) On April 25, 2019, the Appeals Council denied Plaintiff's request for review, (Tr. 1-6), and Plaintiff appealed to the District Court in the Western District of New York.

The district court remanded the matter for further proceedings, finding that ALJ Jones had not adequately evaluated the medical opinion provided by treating physician Dr. Winston Douglas. (Tr. 1199-1212.) On remand, ALJ Stephan Bell held another hearing on July 10, 2023. (Tr. 1133-57.) Thereafter, the ALJ issued another unfavorable decision, finding Plaintiff was not disabled and assigning Plaintiff an RFC to perform sedentary work, except that she could climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds; balance, stoop, kneel, crouch, and crawl occasionally; work in dust, odors, fumes and pulmonary irritants occasionally; work in vibration occasionally; perform simple, routine, and repetitive tasks; make simple work-related decisions; occasionally interact with supervisors, coworkers, and the public. (Tr. 1112-13.) The Appeals Council denied Plaintiff's request for review, and Plaintiff timely appealed to this Court.

The parties stipulated to a remand of this matter on January 18, 2024. (Tr. 1655-57.) On May 2, 2024, the Appeals Council issued a remand order directing the ALJ to consider Plaintiff's cane usage and resolve apparent conflicts between the DOT and the vocational expert evidence. (*See* Tr. 1655-57, 1658-64.) On January 29, 2025, ALJ Bell held a third hearing in this case, at which Plaintiff and a vocational expert testified. (Tr. 1631-54.) On February 27, 2025, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled. (Tr. 1578-1607.) After this decision became final, Plaintiff timely appealed to this Court.

**B. Factual Background**

Plaintiff was born August 1, 1977, (Tr. 104), and completed only through tenth grade of high school, (Tr. 257). She alleged disabling conditions to include severe back pain, lumbar spine impairment, cervical spine impairment, headaches impairment, anxiety, depression, sciatica pain causing numbness down left side to hip and leg, endometriosis, and fibroid cysts. (Tr. 104-05.)

Plaintiff sustained a work-related back injury in 2010. (*See* Tr. 305.) As summarized by the ALJ in the last decision, during the first hearing, Plaintiff testified she experienced "burning pain and weakness in her leg from a pinched nerve," which would cause "weight bearing issues (her leg gives out unexpectedly and she 'goes down')." (Tr. 1587.) She also alleged anxiety around people. (*See id.*) She acknowledged working as a cleaner one to two days a week. (*See id.*) She did "everything she [could] to help relieve the pain." (*See id.*)

During the second hearing, she again testified to problems with both of her legs, causing severe pain. (*See id.*) She continued to use medication to manage the pain, but

the medication made her tired. (*See id.*) She described difficulty resting at night because her legs would not "stop," and explained feeling vibrations and pain shooting down her legs. *(See id.)* She also experienced wheezing. (*See id.*)

At the final hearing, she emphasized the continued pain and explained that nothing relieved the pain. (*See id.*) She indicated she received breathing treatments and used an inhaler. (*See id.*) She also described pain in her hands, explaining that they lock up, and so she wears wrist braces. (*See id.*) She acknowledged working part time as a housekeeper at a hotel. (*See id.*)

At this same hearing, the ALJ questioned a vocational expert (VE) as to available jobs based on different hypotheticals. In response to the hypothetical mirroring the ALJ's ultimate RFC, the VE identified document preparer and bench hand as two available jobs, identifying 3,800 positions and 205 positions respectively. (Tr. 1649.) She then specifically stated: "Your Honor, due to the combination of limitations in this hypothetical, those are the only sedentary, unskilled positions I'm going to provide." (*See id.*)

**C. ALJ's Decision**

Generally, in his decision, the ALJ made the following findings of fact and conclusions of law.

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2015. (Tr. 1584.)

2. The claimant has not engaged in substantial gainful activity since December 11, 2013, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.). (Tr. 1584.)

3. The claimant has the following severe impairments: chronic pain syndrome, major depressive disorder, anxiety disorder, and chronic obstructive pulmonary disease (COPD) (20 CFR 404.1520(c) and 416.920(c)). (Tr. 1584.)

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926). (Tr. 1584.)

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally, and crawl occasionally. The claimant can work in dust, odors, fumes and pulmonary irritants occasionally. She can work in vibration occasionally. She can perform simple, routine, and repetitive tasks and make simple work-related decisions. She can occasionally interact with supervisors, coworkers, and the public. (Tr. 1586.)

6. The claimant has no past relevant work (20 CFR 404.1565 and 416.965). (Tr. 1594.)

7. The claimant was born on August 1, 1977 and was 36 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 CFR 404.1563 and 416.963). (Tr. 1594.)

8. The claimant has a limited education (20 CFR 404.1564 and 416.964). (Tr. 1594.)

9. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568 and 416.968). (Tr. 1594.)

10. Considering the claimant’s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a). (Tr. 1594.)

11. The claimant has not been under a disability, as defined in the Social Security Act, from December 11, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)). (Tr. 1595.)

## II. LEGAL STANDARD

### A. Standard of Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 496, 501 (2d Cir. 2009). "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If the evidence is susceptible to more than one rational interpretation, the Commissioner's determination must be upheld. *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014). "Where an administrative decision rests on adequate findings sustained by evidence having rational probative force, the court should not substitute its judgment for that of the Commissioner." *Yancey v. Apfel*, 145 F.3d 106, 111 (2d Cir. 1998).

### B. Standard to Determine Disability

To be disabled under the Social Security Act (Act), a claimant must establish an inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 20 C.F.R. § 416.905(a). The Commissioner must follow a five-step sequential evaluation

to determine whether a claimant is disabled within the meaning of the Act. 20 C.F.R. § 416.920(a).

At step one, the claimant must demonstrate that he is not engaging in substantial gainful activity. 20 C.F.R. § 416.920(b). At step two, the claimant must demonstrate that he has a severe impairment or combination of impairments that limits the claimant's ability to perform physical or mental work-related activities. 20 C.F.R. § 416.920(c). If the impairment meets or medically equals the criteria of a disabling impairment as set forth in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and satisfies the durational requirement, the claimant is entitled to disability benefits. 20 C.F.R. § 416.920(d). If the impairment does not meet the criteria of a disabling impairment, the Commissioner considers whether the claimant has sufficient residual functional capacity (RFC) for the claimant to return to past relevant work. 20 C.F.R. § 416.920(e)-(f). If the claimant is unable to return to past relevant work, the burden of proof shifts to the Commissioner to demonstrate that the claimant could perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education, and work experience. 20 C.F.R. § 416.920(g).

## III. ANALYSIS

Both parties agree this case must be remanded. Plaintiff contends that remand is necessary because the ALJ failed to carry his burden of proof at step five of the sequential evaluation as there were not a "significant" number of jobs that Plaintiff could perform considering the RFC. (Doc. 8-1 at 14-20.) Plaintiff also argues that the ALJ erred in his failure to incorporate limitations provided in the opinions of Dr. Myron Glick, Plaintiff's treating physician, despite giving those opinions significant weight. (*See id.* at 20-22.)

Defendant agrees that remand is appropriate and necessary "to resolve conflicts and ambiguities regarding the weighing of opinion evidence and the vocational expert's testimony." (*See* Doc. 12-1 at 3.)

While the parties agree that remand is appropriate, they disagree as to the scope on remand. According to Plaintiff, only the calculation of benefits remains necessary, as her disability has been conclusively established with the Commissioner's failure to carry his burden at step five. (*See* Doc. 8-1 at 16-20.) Plaintiff argues that the Commissioner should not be given a fourth opportunity to carry his burden, as her claim has been pending since July 2015, has been remanded twice (with errors regarding the evaluation of opinion evidence, failure to consider Plaintiff's cane usage, and a step five error), and further proceedings are not necessary in light of the Commissioner's failure to carry his burden at step five. (*See id.* at 16-17.) Defendant argues that further proceedings are necessary, as proper consideration of Dr. Glick's opinions may result in a different RFC, thus requiring reconsideration of available jobs. (Doc. 12-1 at 7.) Defendant emphasizes that delay alone is insufficient to support remand for benefits. (*See id.*) Such a remedy is appropriate only if disability has been conclusively established, which Defendant contends has not yet occurred. (*See id.* at 7-8.)

**A. The ALJ Failed to Carry his Burden at Step Five, Requiring Remand.**

At step five, the Commissioner has the burden to demonstrate that a claimant can perform other jobs which exist in significant numbers in the national economy, based on claimant's age, education, and work experience. *See* 20 C.F.R. § 416.920(g). "Work exists in the national economy when there is a significant number of jobs (in one or more

occupations) having requirements which [Plaintiff is] able to meet with [her] physical or mental abilities and vocational qualifications." 20 C.F.R. § 416.966(b).

Courts within this circuit recognize that, while "there is no bright line test to be applied here[,] . . . numbers between 9,000 and 10,000 have generally been considered to be sufficient to satisfy the Commissioner's step five burden." *Rae L. v. Comm'r of Soc. Sec.*, No. 1:22-CV-00921-TPK, 2025 WL 2611384, at *7 (W.D.N.Y. Sept. 10, 2025) (citing *Sanchez v. Berryhill*, 336 F. Supp. 3d 174, 177 (W.D.N.Y. 2018); *Pichardo v. Comm'r of Soc. Sec.*, 714 F. Supp. 3d 183, 195 (E.D.N.Y. 2024) (identifying 13,400 jobs as satisfying the significant number requirement); *George v. Saul,* No. 3:19-cv-01456, 2020 WL 6054654, at *5 (D. Conn. Oct. 14, 2020) (10,500 jobs); *Holly W. v. Comm'r of Soc. Sec.*, No. 22-cv-512S, 2023 WL 4445586, at *4 (W.D.N.Y. July 11, 2023) (11,800 jobs); *Sarah Ann Z. v. Comm'r of Soc. Sec.*, No. 1:19-cv-01110(JJM), 2021 WL 1206516, at *8 (W.D.N.Y. Mar. 31, 2021) (9,840 jobs)).

Here, the VE identified two jobs that an individual with the RFC formulated by the ALJ could perform: document preparer and bench hand, identifying 3,800 positions and 205 positions respectively. (Tr. 1649.) This equates to only 4,005 jobs, which is well below the threshold accepted by courts in this circuit as "significant" enough to satisfy the Commissioner's burden at step five. *See Rae L.*, 2025 WL 2611384, at *7; *Sanchez*, 336 F. Supp. 3d at 177. Moreover, the VE specifically testified that, "due to the combination of limitations in this hypothetical, those are the only sedentary, unskilled positions I'm going to provide." (Tr. 1649.)

Accordingly, the Court finds that the ALJ failed to carry his burden at step five and this matter must be remanded.

**B. Remand for Calculation of Benefits is Appropriate.**

Next, the Court must determine the scope of the remand. This Court has the power to affirm, modify, or reverse the decision of the Commissioner with or without remanding for rehearing. 42 U.S.C. § 405(g). Remanding solely for calculation of benefits is permitted "in rare cases where [the] record provides persuasive proof of disability and remand for further proceedings serves no purpose." *Melanie V. v. Comm'r of Soc. Sec.*, 23-cv-973S, 2024 WL 3337924, at *3 (W.D.N.Y. July 9, 2024) (citing *Estrella v. Berryhill*, 925 F.3d 90, 98 n.3 (2d Cir. 2019)). "Persuasive evidence of a disability exists when the record unequivocally demonstrates that the claimant is disabled." *Mark M. v. Comm'r of Soc. Sec.*, 1:23-cv-1251-JJM, 2026 WL 860533, at *6 (W.D.N.Y. Mar. 30, 2026) (quoting *Tammie S. v. Dudek*, 3:24-cv-490 (MJK), 2025 WL 1811173, at *2 (N.D.N.Y. July 1, 2025). "Remanding for further proceedings would 'serve[] no purpose' where the administrative record is complete and the evidence, properly considered, clearly establishes that plaintiff was under a disability." *Id.* (citing *Jose M. v. Comm'r of Soc. Sec.*, 23-cv-0139,LJV, 2025 WL 1413006, at *3 (W.D.N.Y. May 15, 2025)).

"Standing alone, remand for the calculation of benefits may be justified where the Commissioner fails to meet his Step-Five burden." *James B. v. Comm'r of Soc. Sec.,* Case No. 23-cv-873-FPG, 2024 WL 4471080, at *3 (W.D.N.Y. Oct. 11, 2024); *see also Melanie V.*, 2024 WL 3337924, at *3 ("The failure of the Commissioner to sustain his burden at Step Five, such as reliance on the Vocational Expert who opined without a sufficient foundation, warrants remand for calculation of benefits.") (citing *Carroll v. Sec'y of Health and Human Servs.*, 705 F.2d 638, 644 (2d Cir. 1983); *Daryl A., Jr., OBO Daryl A., Sr. v. Comm'r of Soc. Sec.*, No. 1:21-cv-493-DB, 2023 WL 8623440, at *4, 5 (W.D.N.Y.

Dec. 13, 2023)). Remand for additional proceedings is appropriate when there is an evidentiary gap or the ALJ has applied an improper legal standard. *Jose M.*, 2025 WL 1413006, at *3.

Generally, "delay alone is an insufficient basis on which to remand for [payment of] benefits." *Mark M.*, 2026 WL 860533, at *6 (quoting *Bush v. Shalala,* 94 F.3d 40, 46 (2d Cir. 1996)). But, "where a claim has previously been remanded and the Commissioner has been afforded multiple opportunities to carry his burden, remand for calculation and payment of benefits may be appropriate." *Angela M. v. Comm'r of Soc. Sec.*, No. 6:23-CV-06646 EAW, 2025 WL 2528731, at *4 (W.D.N.Y. Sept. 3, 2025) (quoting *Steven C. v. Comm'r of Soc. Sec.*, 592 F. Supp. 3d 132, 141 (W.D.N.Y. 2022)); *see also Peter W. v. O'Malley*, No. 3:23-cv-00706 (JAM), 2024 WL 4343616, at *9-10 (D. Conn. Sept. 30, 2024) (where the plaintiff's claim was pending for over eight years, and the Commissioner twice requested remand for repeated legal errors, concluding that there was no purpose "to afford the Commissioner a third opportunity to apply the correct legal standard and carry his burden"); *Torres v. Colvin*, No. 3:16-cv-809 (JAM), 2017 WL 1734020, at *4 (D. Conn. May 3, 2017) ("Plaintiff's claim has been pending for more than seven years and was already remanded by the District Court once before. I am not persuaded that the Commissioner deserves a third opportunity to carry her burden.").

Having carefully considered the arguments and evidentiary record, the Court finds that remand for calculation of benefits is the appropriate remedy in this case. Here, the ALJ formulated an RFC which, when presented to a VE, resulted in the unequivocal identification of only 4,005 jobs. (*See* Tr. 1649) ("due to the combination of limitations in this hypothetical, those are the only sedentary, unskilled positions I'm going to provide.")

In light of this testimony, Plaintiff's disability has been proven, as the Commissioner was unable to carry his burden that a significant number of jobs exist nationally that Plaintiff could perform.

While Defendant argues additional proceedings are necessary for the ALJ to properly consider Dr. Glick's assigned limitations, the Court disagrees. Notably, Dr. Glick's opinions have been part of the record since 2014—and thus have been considered in three different decisions. (*See* Tr. 25 (assigning very little weight); 1119 (assigning significant weight); 1592 (assigning significant weight)). Further, while Plaintiff argues the RFC should actually be more restrictive given Dr. Glick's opined limitations, (*see* Doc. 8-1 at 20), Defendant offers no independent analysis as to any error in the ALJ's evaluation of Dr. Glick's opinion, (*see* Doc. 12-1 at 7) (arguing only that the "re-evaluation of the opinion evidence may well result in a different RFC and, thus, require reconsideration of whether work exists in significant numbers in the national economy.") Thus, the Court cannot conclude the ALJ made a legal error and is not persuaded that additional proceedings are necessary for further analysis, as Defendant identifies no specific defect to be corrected. *See James T. v. Comm'r of Soc. Sec.*, 774 F. Supp. 3d 635,641 (W.D.N.Y. 2025) (rejecting the defendant's argument that remand for additional proceedings was necessary for the ALJ to further assess the medical opinion evidence when the defendant did not specify how the assessment or medical opinion evidence required further clarification).

Furthermore, the Court finds that fairness counsels in favor of remanding this matter for calculation of benefits. Plaintiff filed her initial application for benefits on July 21, 2015, with an alleged disability onset date of December 11, 2013. (*See* Tr. 1581.)

So, this case has been pending more than eleven years, and Plaintiff has allegedly been disabled for almost thirteen years. It has been remanded twice, and there have been three administrative hearings, two of which included testimony by vocational experts. Further, the RFC has become more restrictive over time. (*Compare* Tr. 21) (finding Plaintiff capable of a less than full range of light work) *with* (Tr. 1586) (finding Plaintiff capable of a less than full range of sedentary work). These facts counsel in favor of remand for calculation of benefits. *See James B.*, 2024 WL 4471080, at *3 (remanding for calculation of benefits when the case had been pending for over fifteen years, the plaintiff was consistently restricted to some degree of sedentary work, and the defendant did not contend that the RFC was too restrictive but rather argued additional jobs may be able to be identified on remand).

The Court is mindful that "[t]he Commissioner, not the [c]ourt, resolves evidentiary conflicts and appraises the credibility of witnesses, including the claimant." *See Mack v. Comm'r of Soc. Sec*., No. 20 Civ. 2722 (RA)(SLC), 2021 WL 3684081, at *9 (S.D.N.Y. July 26, 2021). However, Defendant has not identified an evidentiary conflict that must be resolved, and upon each remand, the ALJ has defined an increasingly restrictive RFC. With the ALJ's failure to carry his burden at step five, remand for further proceedings seems more like giving Defendant yet another chance to carry his burden by identifying potential jobs without legal reason to do so. The record contains persuasive evidence of disability, and the Court can see no benefit to additional proceedings.

In sum, the Court finds that the record persuasively demonstrates disability during the period at issue, and there is no reason to conclude that additional evidence would support a finding that Plaintiff is not disabled. Remand for calculation and payment of

benefits is warranted. *See James B.,* 2024 WL 4471080, at *3 (recognizing that "remand for the calculation of benefits may be justified where the Commissioner fails to meet his Step-Five burden.")

## IV. CONCLUSION

For the above reasons, remand is warranted.

**ACCORDINGLY**, it is:

**ORDERED** that Plaintiff's Motion for Judgment on the Pleadings (Doc. 8) is **GRANTED**, and it is further

**ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 12) is **DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** solely for the calculation and payment of benefits.

Dated: September 14, 2026
Rochester, New York

J. Gregory Wehrman J.G.W.
HON. J. Gregory Wehrman
United States Magistrate Judge